One year (50 issues) Payable in Advance........$15.00
Single Numbers ................................. .35

When cash is mailed to us in advance
20 per cent discount

RENEWALS, not prepaid (per mo. $1.25).......$15.00

No discount allowed after expiration date

NEW RULE, effective July 1, 1926—All delinquents
for 60 days or more, discontinued without notice.

### DIGESTS and PRICES

Ternary Digest, alone .......................... $7.50

Subject to 20 percent, if cash paid with order

Abstract, one year, and Ternary Digest, if ordered
and paid for together, net......................$18.00

June Semi annual Digest, Free to all paid Abstract
Subscribers. To non-subscribers to Abstract, net.. $1.50

December Annual Digest (Supplement to Ternary)
1926, net .................................... $3.00

To non subscribers to Abstract, net............. $5.00

### THE LAW ABSTRACT COMPANY

Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.

Address all mail communications to
P. O. Box 2455, Cleveland

### EXPIRATIONS

We send notices to subscribers, four weeks in ad-
vance of the date to which their subscription is paid,
thus assuring them of ample knowledge in time to
prepay renewals, and save the 20 per cent we give to
those who mail the money in advance.

It was claimed by the city that the blue
prints did not amount to a misrepresentation
of facts; that the company assumed the risk;
that the company was charged with notice of
the error and that the claim was barred by
provisions of the contract. The lower court
directed a verdict for the city. Error was
prosecuted to the Circuit Court of Appeals,
which held:

1. The blue print in question is an express
representation to the contractor that the pro-
posed structure would be located with refer-
ence to the existing ground surface as shown
in the cross sections thereon.

2. The drawing shows that the distance from
the surface to the bottom of the structure as
it is to be built is about nine feet.

3. The tolerance with which "about" is re-
ceived does not extend to anything like the
discrepancy here shown; and there was a sub-
stantial misrepresentation for which the city
is liable.

4. The contention that the contractor as-
semed the risk is unsound as it is uncertain
whether it could be ascertained that 1026 feet
above sea level would have been three feet be-
low the ground and not nine feet.

5. The city attempted to show that the spe-
cifications of another set of plans were suf-
ficient to give notice to the contractor of a dis-
crepancy in the blue prints here involved; so
that proof that the first set was inaccurate is
admissible, merely being in rebuttal of a de-
fense presented by the city at the trial.

6. The provisions in the contract that there
can be no compensation for extra work unless
by special arrangement, does not control here.
The suit is not to recover for extra work; but
to recover damages for the misrepresentation
by which the contract was induced.

7. Although the damages sought by the
company are computed on the basis of the ex-
tra excavation rates provided in the contract,
the character of the action is not changed
thereby.

Judgment reversed and cause remanded.

Attorneys—E. H. & W. B. Turner, Dayton,
and Hart & Koehler, Alliance, for city; F. C.
Hunter & Curtis M. Shetler, Alliance & Day &
Day, Cleveland, for Company.

---

### No. 684

TERRACE PARK et (Village) v. ERRETT

U. S. Appeals, 6th Circuit

No. 4480. Decided April 6, 1926

291. CONSTITUTIONAL LAW—Power to
adopt zoning ordinance cannot be exercised in
such arbitrary and unreasonable manner so
as to render the ordinance unconstitutional in
effect and operation.

928. POLICE POWERS—Will not be inter-
fered with unless there is a manifest un-
reasonable exercise.

DONAHUE, C. J.

Russell Errett owned a tract of unimproved
farm lands in the Village of Terrace Park.
The planning commission certified to the vil-
lage council a proposed zoning ordinance and
map, dividing the village into two districts,
residential and business. The ordinance was
passed as an emergency legislation in 1923.

Errett was charged with having violated said

ordinance, by excavating gravel, and he went into equity asking the Court to enjoin the enforcement of said ordinance in so far as it applies to his property. The ordinance, it is claimed, is illegal and void being in contravention of the Ohio and Federal Constitutions, and that it is unreasonable, arbitrary and unconstitutional in its operation and effect. The village was enjoined from enforcing the legislation against Errett and from this decree the village appealed to the Circuit Court of Appeals, which held:

1. Courts will not interfere with the exercise of the police power of a state or municipality, except for a manifest arbitrary and unreasonable exercise of that power.

2. Evidence was offered to show that Errett erected his gravel plant before he had knowledge or notice of the passage of the ordinance.

3. The value of the gravel that may be removed from Erretts property is approximately $50,000, which value would be wholly lost by the operation and effect of the ordinance.

4. This loss is ten times the value of the land for the uses permitted by the ordinance.

5. The business contemplated by Errett on his property is not of a permanent nature; but so temporary in character that the ordinance prohibiting it cannot be justified upon the theory that in the march of progress, the territory will be needed for residential purposes.

6. The health of the citizens of the village will not be imperiled by the operation of this plant which is at a remote distance from their homes.

7. If the ordinance were enforced in its terms or beyond limitation imposed by the lower court, it would be arbitrary and unreasonable and unconstitutional; and not merely regulatory in character but a taking of private property without compensation.

Judgment affirmed.

Attorneys—Peck, Shaffer & Williams & Knight & Phares for Village; Robt. Black, C. C. Benedict & James J. Muir for Errett; Alfred Bettman, amici curiae; all of Cincinnati.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

**27. ACTIONS.**

Where plaintiff sues for libel and alleges breach of contract in the inducement; failure of the cause of action for libel will not afford him relief as for breach of contract in the amount of special damages prayed for, when the theory of the petition is for libel (715) and not for breach of contract(297). Fletcher v. Cincin. Realty Co. OA. 4 Abs. 549.

1. Action pending in a court of a sister state, even though between same parties and for same cause, does not constitute a defense to an action in this state.

2. An action to foreclose a mechanic's lien (755) in an action does not bar the right to maintain an action for a personal judgment. Fox, Excr. v. King Lumber Co. 4 Abs. 547.

**106. ASSIGNMENTS.** See 707. Leases.

**114. ATTORNEY AND CLIENT.**

If an attorney agrees to the extension of the time of performance of a contract (297) for his client is the client bound thereby if he has not so instructed his attorney? Glick et v. Galier et. OS. Pend. 4 Abs. 552.

**129. BASTARDY.**

Where an affidavit for arrest for bastardy was filed, said affidavit reciting that the claimant was unmarried and it appearing later at the trial by the claimant's testimony that she was married, should the case be dismissed? Roberts v. State ex rel Martin. OS. Pend. 4 Abs. 554.

**147. BILLS AND NOTES.**

May an oral agreement (886) concerning the payment of an unconditional promissory note be admitted to show the manner in which said note was to be paid, when the note remains in the original payee's possession? Bach v. Phelps. OS. Pend. 4 Abs. 555.

**180. BRIDGES.**

The duty of a municipality (798) in reference to its public ways is to keep them in a reasonably safe condition for public travel in the usual and ordinary modes. Tillman v. Toledo (City). OA. 4 Abs. 550.

**182. BROKERS.** See 257. Commissions.

**225. CHARGE TO JURY.**

Where indictment charges murder (803) in the first degree, it is not error for the court to refuse to charge on assault and battery and assault in its general charge, for such charge would be inconsistent with that in the indictment. Lyon v. State. OA. 4 Abs. 546.

**257. COMMISSIONS.**

Where an owner lists a piece of property for sale with the real estate broker, it being understood that the owner should receive $9,000 net for the property, and the broker introduces a prospective purchaser to the owner and thereupon the owner sells said property to this purchaser for $8500, is the broker (182) entitled to a commission? Dethloff v. Starbuck. OS. Pend. 4 Abs. 553.

**297. CONTRACTS.**

Where under a contract for purchase of real property (997) a certificate of title is to be delivered on a certain date and due to certain circumstances of which the prospective purchaser is aware the owner is unable to deliver, may the purchaser scheme to wait until after the date is passed and then declare the contract forfeited? Glick et v. Galieret. OS. Pend. 4 Abs. 552.

See also 27. Actions; 114. Attorney & Client.

**363. DEDICATION.**

Recording of the plat under 3585 GC. is a "conveyance to vest in the municipality the fee' to the streets in trust for street purposes. Bay (Vil.) v. U. S. Fid. & Guar. Co. 4 Abs. 549.

**465. ERROR.**

May a plaintiff in error attack an erroneous conclusion of law of a trial court by a petition in error? United Mach. Co. v. Hufod. OS. Pend. 4 Abs. 553.

**460. EQUITY.**

When money is paid to the wrong party, he holds same as trustee (1197) for the party entitled thereto; and a person who accepts such money in satisfaction of a debt cannot hold same against rightful owner. Zeigler Milling Co. v. Second Nat. Bank. OA. 4 Abs. 550.